1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9
10
11
12
13
14
15
16

| | |
|---|---|
| GARY A. WRIGHT and CYNTHIA M WRIGHT, <br><br> Plaintiffs, <br><br> v. <br><br> ACCREDITED HOME LENDERS, QUALITY LOAN SERVICE, MORTGAGE ELECTRONIC REGISTRATIONS, INC., JPMCSPECIALTY MORTGAGE LLC, <br><br> Defendants. | CASE NO. C11-5000BHS <br><br><br> ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION HEARING |

17
18
19
20

This matter comes before the Court on Plaintiffs' (the "Wrights") *ex parte* application for temporary restraining order ("TRO"). Dkt. 2. The Court has considered the pleadings filed in support of the motion and the remainder of the file and hereby denies the motion for TRO and/or preliminary injunction for the reasons stated herein.

21

## I. PROCEDURAL AND FACTUAL BACKGROUND

22
23
24

This matter arises out of a pending foreclosure action involving the Wrights' property. On January 3, 2011, the Wrights filed an *ex parte* motion for temporary restraining order ("TRO"). Dkt. 2.

25
26
27

The Wrights' complaint contains only one cause of action: breach of contract. Dkt. 1, Complaint ¶ 2. The Wrights seek a temporary restraining order and request discovery to occur in this matter. *Id*. at 4-5.

28

1    The Wrights have filed documents that appear to show that they have attempted to

2    notify Defendants of their intent to file the instant motion for TRO. The foreclosure sale

3    of their home is set for January 14, 2011. *See* Complaint at 14 (Notice of Trustee Sale).

4    The Wrights have known about the impending foreclosure since as early as August 9,

5    2010. *See id*. The trustee's sale is set for January 14, 2010. *Id*.

6    **II. DISCUSSION**

7    The purpose of a TRO is "preserving the status quo and preventing irreparable

8    harm just so long as is necessary to hold a hearing [on the preliminary injunction

9    application], and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters &*

10   *Auto Truck Drivers*, 415 U.S. 423 (1974); *see also Reno Air Racing Ass'n v. McCord*, 452

11   F.3d 1126, 1130-31 (9th Cir. 2006). To obtain a TRO or a preliminary injunction, the

12   moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of

13   irreparable harm to the moving party in the absence of preliminary relief; (3) that a

14   balance of equities tips in the favor of the moving party; and (4) that an injunction is in

15   the public interest. *Winter v. Natural Res. Def. Council, Inc.*, ___ U.S. ___, 129 S. Ct.

16   365, 376 (2008). Traditionally, injunctive relief was also appropriate under an alternative

17   "sliding scale" test. *The Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008).

18   However, the Ninth Circuit overruled this standard in keeping with the Supreme Court's

19   decision in *Winter*. *American Trucking Ass'ns Inc. v. City of Los Angeles*, 559 F.3d 1046,

20   1052 (9th Cir. 2009) (holding that "[t]o the extent that our cases have suggested a lesser

21   standard, they are no longer controlling, or even viable").

22   Even if the Court assumes, without deciding, that the Wrights can establish the

23   elements of irreparable harm and public interest to issue the TRO or preliminary

24   injunction, the Court must still be satisfied that the Wrights have also established that the

25   balance of equities tips in their favor and that they are likely to succeed on the merits.

26   With respect to the balance of equities, it is troubling to the Court in considering

27   whether this situation is deserving of a TRO, emergency and rare relief, that the Wrights

28

have known about the potential foreclosure of their home for approximately five months

prior to filing the instant motion. *See* Dkt. 1 at 14 (notice of sale transmitted to the

Wrights on August 9, 2010, Wrights filed instant motion on January 3, 2011). The

Wrights could have filed a motion for a preliminary injunction after receiving the notice

of foreclosure, which would have permitted a proper briefing schedule on which all

parties could have participated. Instead, the Wrights have delayed in bringing this action

until just days before the sale is scheduled. Put otherwise, this "emergency" has been

precipitated, at least in part, by the Wrights. Thus, the balance of equities weighs heavily

in favor of Defendants.

Turning to the likelihood of success on the merits of the Wrights' claims, the

Wrights have not made an adequate showing on the merits of their claims. Indeed it is

unclear from their complaint and their motion exactly what claims they are trying to

assert under their general "breach of contract" heading, and they cite to no adequate

authority within their briefing to support a conclusion that they are likely to succeed on

the merits.

Nonetheless, because the Wrights are proceeding *pro se*, the Court extends some

latitude to their pleadings. In doing so, the Court finds that the bulk of the Wrights'

arguments appear to rest on their assertion that Defendants are not the original creditors

and therefore lack standing to foreclose on the mortgage at issue. However, as this Court

has concluded previously, courts "have routinely held that [a defendants'] so-called 'show

me the note' argument lacks merit." *Freeston v. Bishop, White & Marshall, P.S.*, 2010

WL 1186276 (W.D. Wash. 2010) (quoting *Diessner v. Mortgage Electronic Registration

Systems*, 618 F. Supp. 2d 1184, 1187 (D. Ariz. 2009) (collecting cases)).

Therefore, the Wrights have failed to adequately establish the need for a TRO. For

the same reasons, the Wrights have failed to adequately establish the need for a

preliminary injunction hearing.

### III. ORDER

Therefore, it is hereby **ORDERED** that the *ex parte* motion for a TRO and/or preliminary injunction is **DENIED** without prejudice for the reasons stated herein.

DATED this 4th day of January, 2011.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4