1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GARY A. WRIGHT, and CYNTHIA M. WRIGHT,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>ACCREDITED HOME LENDERS, et al.,<br><br>　　　　　Defendants. | CASE NO. C11-5000BHS<br><br>ORDER PUTTING PLAINTIFFS ON NOTICE, RENOTING DEFENDANT CHASE'S UNOPPOSED MOTION TO DISMISS, AND GRANTING DEFENDANT QLS' MOTION TO JOIN IN MOTION TO DISMISS |

　　　This matter comes before the Court on Defendant JPMC Specialty Mortgage's ("Chase") unopposed motion to dismiss (Dkt. 8) and Defendant Quality Loan Services Corporation of Washington's ("QLS") motion to join in Chase's unopposed motion to dismiss. The Court has considered the pleadings filed in support of the motions and the remainder of the file and hereby renotes Chase's motion and grants QLS' motion to join in the motion to dismiss for the reasons stated herein.

**I. PROCEDURAL HISTORY**

　　　This action arises from a foreclosure action brought against Plaintiffs (collectively, the "Wrights"). *See, e.g.,* Complaint (Dkt. 1). On February 17, 2011, Chase moved to dismiss the Wrights' case under Fed. R. Civ. P. 12(b)(6) (failure to state a claim). Dkt. 8.

ORDER - 1

On the same day, QLS moved the Court to join in Chase's motion to dismiss. Dkt. 11. These motions are unopposed.

## II. DISCUSSION

Unopposed motions are generally granted pursuant to Local Rule CR 7(b)(2) (failure to file papers in opposition permits the court to deem the motion meritorious). However, because the Wrights are proceeding pro se, the Court extends some latitude regarding the rules of procedure.

**A.    QLS' motion to Join**

The Court grants QLS' motion to join (Dkt. 11), as there is no reason to delay such joinder.

**B.    Chase and QLS' Joint Motion to Dismiss**

Rule 12 informs a plaintiff of what they must do in order to oppose a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Generally, a motion under this rule must be granted when a plaintiff has failed to state a claim for which the law provides relief or the plaintiff has failed to plead facts that would support a theory available under the law; that is, where either the law cannot help the plaintiff, or the plaintiff cannot provide facts sufficient to support his/her case under the law, the party who asked for dismissal is entitled to judgment, which will end a plaintiff's case. When, as here, the motion to dismiss is based on an alleged failure to plead facts to support a cognizable legal theory, a plaintiff may not be able to simply rely on what his or her complaint states. Instead, where a plaintiff's complaint is factually deficient, a plaintiff must set out specific facts in declarations, or authenticated documents, or an amended complaint that contradicts the facts shown in a defendant's documents and shows that there are facts that, if believed, would support a cognizable legal theory. Here, if the Wrights fail to adequately respond to the joint motion to dismiss under Fed. R. Civ. P. 12(b)(6), dismissal may be granted and there will be no trial.

ORDER - 2

Wrights shall respond to the joint motion to dismiss, by no later than April 26, 2011, or face dismissal of their claims against QLS and Chase. The Court renotes the joint motion to dismiss (Dkt. 8) for consideration on the Court's April 29, 2011, calendar. Chase and QLS may submit a supplemental reply on or before April 29, 2011, in the event that the Wrights respond.

### III. ORDER

Therefore, it is hereby **ORDERED** that

(1) QLS' motion to join in Chase's motion to dismiss (Dkt. 11) is **GRANTED**;

(2) Chase and QLS' joint motion to dismiss (Dkt. 8) is **RENOTED**; and

(3) The Wrights shall adequately **RESPOND** to the joint motion to dismiss on or before **April 26, 2011**, or face dismissal of their claims.

DATED this 30th day of March, 2011.

BENJAMIN H. SETTLE
United States District Judge